**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3178
_____

UNITED STATES OF AMERICA

v.

NATHANIEL COLEMAN,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-12-cr-00295-001)
District Judge:  Honorable Gene E. K. Pratter

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 18, 2021
Before:  MCKEE, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: May 24, 2021)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Nathaniel Coleman appeals from the District Court's order

denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  In

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

2013, Coleman pleaded guilty in the Eastern District of Pennsylvania to four counts of an indictment charging him with conspiracy to commit robbery which interferes with interstate commerce, robbery which interferes with interstate commerce, using and carrying a firearm during and in relation to a crime of violence, and convicted felon in possession of a firearm. The District Court imposed an aggregate prison term of 155 months. Coleman did not appeal from his judgment of sentence.

In August 2020, after his request for compassionate release was denied by the warden, Coleman filed a pro se motion requesting compassionate release based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i). Coleman asserted that his medical conditions put him at higher risk of serious illness or death if he were to contract COVID-19. He stated that he receives treatment for asthma, high blood pressure and "weak heart," and HIV; he also states that he has a "concern of cancer" regarding a thyroid mass, for which he had been scheduled for a biopsy procedure. Motion for Compassionate Release at 3. The Government opposed Coleman's motion, providing Coleman's medical records. Coleman filed a reply.

The District Court denied Coleman's motion for compassionate release, finding that Coleman failed to present any extraordinary and compelling justification for compassionate release. The District Court found that Coleman's medical records did not contain evidence that he has a "weak heart" or cancer. While acknowledging that the Centers of Disease Control and Prevention (CDC) has placed asthma (moderate-severe),

constitute binding precedent.

HIV, and hypertension in the category of conditions that "might" place individuals at increased risk of adverse outcomes from COVID-19, the District Court found that Coleman has been managing his medical conditions well while incarcerated, and that those conditions were not sufficiently serious to justify compassionate release. Also, the District Court noted that, because Coleman did not present a medical ailment warranting release, Coleman's efforts at rehabilitation while in prison could not serve as a basis for granting compassionate release.

Coleman filed a timely notice of appeal, as well as his opening brief. The Government filed a motion for summary affirmance, see 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6, and for permission to be relieved of its obligation to file a brief, see 3d Cir. L.A.R. 31.2.

We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the District Court's order denying Coleman's motion for compassionate release. See United States v. Pawlowski, 967 F.3d 327, 329-30 (3d Cir. 2020) (noting that a district court "may" reduce an inmate's sentence under § 3582(c)(1)(A)(i) upon finding "extraordinary and compelling" reasons, after weighing the § 3553(a) factors). We will take summary action if "no substantial question is presented." 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Coleman argues that the District Court erred in not crediting him with having established extraordinary and compelling circumstances based on his thyroid mass and strong suspicion of thyroid cancer based on what he was orally informed. He also argues

3

that the District Court should not have considered whether he is managing his other conditions well while in prison, because simply having the conditions of asthma, high blood pressure, and HIV include him in the CDC's grouping for adults that "might be" at increased risk for severe illness from COVID-19.

We discern no reason to disturb the District Court's denial of Coleman's motion for compassionate release. Coleman may well have a well-founded concern of having cancer. Yet as the District Court stated, Coleman points to no documented evidence that he has cancer, or other condition known to place an adult at increased risk. We also find no error in the District Court's conclusion that Coleman's conditions that "might" place him at an increased risk, without more, are not sufficient to constitute an extraordinary and compelling reason for purposes of § 3582(c)(1)(A)(i).

For these reasons, we grant the Government's motion and will summarily affirm the District Court's order. The Government's motion to be relieved of filing a brief is granted.